**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**RICO HERRING,**                                                                            **PETITIONER**

**v.**                                                        **No. 2:08CV182-A-A**

**ED HARGETT, ET AL.**                                           **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Rico Herring for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Herring has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Issaquena County Correctional Facility in Mayersville, Mississippi. He was convicted on October 3, 1993, of two counts of sale of cocaine and one count of conspiracy in Panola County, Mississippi. On October 8, 1993, Herring was sentenced to serve thirty years for each count of sale of cocaine and twenty years for conspiracy in the custody of the Mississippi Department of Corrections; the court ordered the sentences to run consecutively. Herring filed an appeal of his convictions and sentences in the Mississippi Supreme Court, which affirmed the judgment of the trial court on February 13, 1997. *Herring v. State of Mississippi*, 692 So.2d 948 (Miss. 1997). Herring did not file a petition for writ of certiorari to the United States Supreme Court. Herring filed a motion for PCR with the Mississippi Supreme Court on June 11, 2008 (motion signed on June 5, 2008), which was dismissed as untimely filed by the

court on July 22, 2008.

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Herring's judgment became final on May 14, 1997, ninety days after the final decision in state court (February 13, 1997 plus 90 days). *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of *certiorari* to Supreme Court must be considered in calculating date on which judgment becomes final). Herring's *habeas corpus* deadline therefore expired one year later – on May 14, 1998. Herring did not file an application for post-conviction relief

("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before May 14, 1998, to toll the limitations period; as such, his *habeas corpus* petition was untimely filed. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004);

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 1, 2008, and the date it was received and stamped as "filed" in the district court on August 4, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 3,732 days (over ten years) after the May 14, 1998, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition shall thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___15th___ day of June, 2009.

                                                  __/s/ Sharion Aycock__
                                                **U. S. DISTRICT JUDGE**